**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA YANIRA GONZALEZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-74980<br><br>Agency No. A079-038-705<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Elsa Yanira Gonzalez-Hernandez petitions for review of the decision of the

Board of Immigration Appeals (BIA) denying her application for asylum and

withholding of removal.  The BIA held that Petitioner did not establish that she

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was persecuted on account of a protected ground. Petitioner argues that the BIA erred by overlooking evidence that she was persecuted on account of her religion. Because the BIA's decision is supported by substantial evidence in the record, we deny Petitioner's application for review.

We have jurisdiction over this case under 8 U.S.C. § 1252. The facts of the case are known to the parties. We repeat them only as necessary.

## I

When the BIA has conducted an independent review of the Immigration Judge's (IJ) opinion, this court reviews the BIA's decision. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). When the BIA has adopted portions of the IJ's opinion as its own, this court "treat[s] the IJ's statements of reasons as the BIA's and review[s] the IJ's decision." *Id.*

The BIA's determination that an alien has not established eligibility for asylum or withholding of removal is reviewed under the substantial evidence standard. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* at 1185 (quoting 8 U.S.C. § 1252(b)(4)(B)).

## II

To establish eligibility for asylum, an alien must show that she faces persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Navas v. I.N.S.*, 217 F.3d 646, 654 (9th Cir. 2000). To establish eligibility for withholding of removal, an alien must show that her "'life or freedom would be threatened' on account of one of the same protected grounds that apply under the asylum statute." *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001) (quoting 8 U.S.C. § 1253(h)).

The BIA's determination that Petitioner was targeted by the Mara Salvatrucha gang (MS) for criminal purposes, rather than on account of her religion, is supported by substantial evidence. The BIA correctly noted that there is no evidence in the record showing that any MS member ever referred to Petitioner's religion while threatening her. The BIA also noted that the gang members never objected to Petitioner's religious activities and were only angry that she was making negative comments about the gang. The BIA further noted that the gang members threatened to kidnap Petitioner from her uncle's house because her uncle was wealthy. This evidence supports the BIA's conclusion that MS targeted Petitioner to further its criminal agenda rather than because of her religion. Reviewed under the deferential substantial evidence standard, the BIA's

3

decision is not so unsupported by the record that "any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B).

Because Petitioner failed to show that she was targeted on account of a protected ground, the BIA did not err in holding that Petitioner is ineligible for asylum and withholding of removal. Petitioner's petition for review is

DENIED.

4